1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11  BRANDON FAVOR,                                 Case No. 1:17-cv-00782-SAB-HC

12              Petitioner,

13        v.                                       ORDER TRANSFERRING CASE TO THE
                                                   UNITED STATES DISTRICT COURT FOR
14  MAXINE ANDERSON,                               THE CENTRAL DISTRICT OF
                                                   CALIFORNIA
15              Respondent.

16

17        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18  pursuant to 28 U.S.C. § 2254.

19        When a state prisoner files a habeas petition in a state that contains two or more federal

20  judicial districts, the petition may be filed in either the judicial district in which the petitioner is

21  presently confined or the judicial district in which he was convicted and sentenced. See 28

22  U.S.C. § 2241(d); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting Carbo v. United

23  States, 364 U.S. 611, 618 (1961)). Petitions challenging the execution of a sentence are

24  preferably heard in the district where the inmate is confined. See Dunne v. Henman, 875 F.2d

25  244, 249 (9th Cir. 1989). Petitions challenging convictions or sentences are preferably heard in

26  the district of conviction. See Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968). Section

27  2241 further states that, rather than dismissing an improperly filed action, a district court, "in the

28  exercise of its discretion and in furtherance of justice[,] may transfer" the habeas petition to

1

another federal district for hearing and determination. Id.; see also 28 U.S.C. § 1404(a) (court may transfer any civil action "to any other district or division where it might have been brought" for convenience of parties or "in the interest of justice").

Here, Petitioner's claims appear to relate to his conviction and sentence that occurred in the Los Angeles County Superior Court. Therefore, venue is proper in the district of conviction, which is the Central District of California. Accordingly, IT IS HEREBY ORDERED that this action is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated: __**June 13, 2017**__

UNITED STATES MAGISTRATE JUDGE